(C.D. 2769)

Trudy Tremaine Sportswear *v.* United States

United States Customs Court, Second Division

(Decided September 15, 1966)

*Allerton deC. Tompkins* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Ford, Judge: The suit listed above has been submitted on a written stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, subject to the approval of the court, that the above protest is limited to the merchandise described on the invoice covered by the above protest as:

"Style 404 Cotton Corduroy Set:
Cotton Corduroy Jumper (@
U.S. $7.00 per doz.)
Cotton Poplin Blouse (@
U.S. $3.00 per doz.)"

That said above described merchandise, which consists of two separate articles, was appraised by the appraiser as an entirety without a finding of separate values for the Jumpers and for the Blouses, and

was classified by the collector of customs at New York as an entirety as cotton embroidered wearing apparel and assessed with duty at the rate of 42½% ad valorem under Paragraph 1529(a), Tariff Act of 1930, as modified by T.D. 54108. However, the above described Jumpers and Blouses are separate articles of commerce which can be and are used and sold separately, and, although the Blouses are embroidered, the Jumpers, which are outerwear, not knit or crocheted, in chief value of cotton (not coats, vests, dressing gowns, bathrobes, beach robes, pajamas, or shirts), are not composed in whole or in part of any of the fabrics or articles specified in said Paragraph 1529(a).

The above-named protest is submitted for decision and remand upon this stipulation.

Accepting the foregoing stipulation of fact, we find and hold that there was no separate appraisement for style 404. Since it has been agreed by and between counsel for the respective parties that the jumpers and blouses of style 404 are separate articles of commerce, the appraisement and liquidation are void. *United States* v. *William Heyer*, 31 CCPA 111, C.A.D. 259.

Accordingly, said protest filed against such void liquidation is premature, and the involved protest is hereby dismissed and the matter is remanded for further proceedings to a single judge sitting in reappraisement for determination of the separate values of the jumpers and blouses of style 404 in the manner provided by law.

Judgment will be entered accordingly.